IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| JOSE ENRIQUEZ RAMIREZ et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| ) | Case No. 1:12-cv-00210-WCG |
| ) | |
| v. ) | Judge Griesbach |
| ) | |
| GLK FOODS, LLC and RYAN A. DOWNS, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR
CLASS CERTIFICATION OF COUNTS I AND II**

Defendants devote most of their brief to arguing the supposed legality of their conduct rather than addressing the issue at hand: class certification. *See* Defendants' Response at 5-13 (ECF No. 46). Yet as this court explained in its order in *Jimenez v. GLK Foods, Inc.,* 12-cv-0209 (July 30, 2013), granting Plaintiffs' motion for a collective action, that is the wrong focus: the relevant inquiry at this stage is not "whether there has been an actual violation of law but rather … whether the proposed plaintiffs are similarly situated" so that their "claims may reasonably be expected to rise – or fall, as the case may be – together." Order Granting Plaintiffs' Motion for Collective Action at 5, (ECF No. 50). It is axiomatic that the commonality of a practice, not its legality, determines class certification. *Bieneman v. City of Chicago*, 838 F.2d 962, 964 (7th Cir. 1988) ("the propriety of class certification does not depend on the outcome of the suit"); *Schleicher v. Wendt*, 618 F.3d 679, 687 (7th Cir. 2010) ("The chance, even the certainty, that a class will lose on the merits does not prevent its certification").

1

To the very limited extent that Defendants make arguments actually relevant to Rule 23 rather than the merits, their contentions are extremely narrow. They do not dispute the existence of numerosity, adequacy and typicality under Rule 23(a). They only challenge (a) the existence of commonality and predominance and (b) the availability of class-wide injunctive or declaratory relief.

Not only are Defendants' contentions very narrow, they are also easily resolvable. First, their challenge to commonality and predominance rests, in its entirety, on the supposed variation in "the [individualized] oral contracts allegedly entered into between GLK and the Plaintiffs. Defendants' Response at 13 (ECF No. 46). However, as explained in Section II of this brief, that is a straw man. Plaintiffs do not seek to litigate the validity, or content, of *oral* contracts on a class-wide basis, but, rather, the validity and meaning of the uniform *written* guarantees governing the employment of every class member, embodied in the terms Defendants committed to in writing and under penalty of perjury in their Applications for Temporary Employment Certification (ETA Form 9142).

Second, Defendants' suggestion that neither injunctive nor declaratory relief has been requested or should be available only goes to certification of a class or classes under Rule 23(b)(2). It is irrelevant to certifying one or more "issues" classes under Rule 23(c)(4) or one or more classes under Rule 23(b)(3). But even more fundamentally, their contention that this case does not involve a request for declaratory relief is wrong. In a legal dispute about the rights and obligations created by a contract (as, for instance, whether the employment contract here was for a defined term or at-will), declaratory relief is always both available and logically required because unless and until the contract has been judicially construed, with rights and obligations

declared, the parties' performance or breach of those rights and obligations, and damages, if any, cannot be resolved.

Rule 23 "creates a categorical rule", affirmatively "entitling" any "plaintiff whose suit meets the specified criteria to pursue his claim as a class action." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Corp.*, 559 U.S. 393, 398 (2010). Plaintiffs have met those criteria; and Defendants have not, and cannot, identify any claim for which, or any class member for whom, evidence and proofs will not be uniform and class-wide adjudication would not be appropriate.

## I. COUNT I SHOULD BE CERTIFIED FOR CLASS-WIDE ADJUDICATION.

Defendants challenge only one of Plaintiffs' statutory claims under the Migrant and Seasonal Agricultural and Worker Protection Act ("AWPA") - that by terminating the workers prior to their arrival in Bear Creek, Wisconsin, Defendants' uniformly breached the required "working arrangement" they entered into with every H-2B worker hired by GLK and granted a visa for temporary employment in 2011. *See* 29 U.S.C. §1822(a) and (c). The Eleventh Circuit upheld the class certification of a very similar AWPA claim in *De Leon-Granados v. Eller and Sons Trees, Inc.*, 497 F.3d 1214, 1219 (11th Cir. 2007).[1] GLK unlawfully treated these workers

---

[1] Defendants do not challenge certification of Plaintiffs' claims for failure to reimburse workers for their costs of return travel to their homes under 20 CFR § 655.22(m) or failure to provide the workers with certain written disclosures at the time of recruitment under 29 U.S.C. § 1821(a) & (g). *See* Plaintiffs' Corrected Memorandum in Support of Class Certification of Counts I and II at 11, 16 and 19 (ECF No. 45). Thus, Plaintiffs do not address certification of those claims in this Reply.

Moreover, Plaintiffs do not seek to certify nor do they assert any AWPA claims for reimbursement of plaintiffs' pre-employment expenses, as Defendants argue in their Response at 6 (ECF No. 46)). *See* Plaintiffs Amended Complaint at 9-10 (ECF No. 32). Plaintiffs' claim is that Defendants were required to provide employment for the full period of certified employment. However, the wages due in that first week would have to take into account the expenses incurred by Plaintiffs in the visa and travel process necessary to work for GLK. *De Leon-Granados v. Eller & Sons Trees, Inc.*, 581 F. Supp. 2d 1295, 1319 (N.D. Ga. 2008) (H-2B

3

as at-will employees, terminating them in violation of the AWPA's guarantee of employment for a definite period.[2]

This claim is for violation of a requirement that Plaintiffs contend is statutorily imposed by the AWPA and Wisconsin law. Plaintiffs identified the elements of this claim in their opening brief and discussed every element, one-by-one, demonstrating that the proof as to every single one will be common, enabling resolution of every element on a class-wide basis. In response, Defendants have identified no element for which, and no class member for whom, proof would not be uniform. They merely dispute the merits, ignoring that a class motion does not present the occasion to resolve merits disputes.

The time for briefing the merits will come, namely, at summary judgment. At that time, Plaintiffs fully expect to prevail on the merits.[3] But at this juncture, even if Defendants' view of

---

workers' applicable prevailing wage may not be reduced by travel, visa, and passport expenses incurred by workers); *Avila-Gonzalez v. Barajas*, 2:04CV567-FTM-33DNF, 2006 WL 643297, *2 (M.D. Fla. Mar. 2, 2006).

[2] Any otherwise applicable presumption of at-will employment of H-2B workers has been eliminated by the DOL H-2B regulations (2009) and Wisconsin state law, both of which are incorporated into the AWPA working arrangement, *see De La Cruz v. Gill Corn Farms*, Inc., 2005 U.S. Dist. LEXIS 44676, *22-23 (N.D.N.Y. 2005) (both "federal and state employment laws" are incorporated into every working arrangement under AWPA). Any working arrangement for H-2B workers must contain a "period of employment" as a required term. *See Reyes v. Remington Hybrid Seed Co., Inc.,* 495 F.3d 403, 406 n.1 (7th Cir. 2007)*; DeLeon-Granados v. Eller & Sons Trees, Inc.*, 581 F. Supp. 2d 1295 at1324; *Colon v. Casco, Inc.,* 716 F. Supp. 688, 694 (D. Mass. 1989); *See* W.A.S. § 103.915 (1)(b)(4) and Wis. Admin. Code § DWD 301.06(8) (requiring written employment contracts for a defined term for migrant workers).

[3] In arguing the merits now, Defendants make a series of statements that misportray either the facts or the law, regarding, for example, employer obligations to pay workers' inbound travel expenses, visa fees, or recruiting expenses; Defendants' alleged distance from and lack of involvement in the recruiting process; Defendants' alleged delegation of responsibilities to third-party intermediaries and those intermediaries' alleged expertise; the alleged differences in obligations incurred by H-2A, as compared to H-2B, employers; and the insinuation that Defendants acted at all times in good faith. Plaintiffs will rebut all of these contentions, to the extent they are relevant, at summary judgment.

4

Case 1:12-cv-00210-WCG    Filed 02/24/14    Page 4 of 9    Document 48

what the AWPA does and does not require were correct (and it is not), that would be irrelevant. *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802 (7th Cir. 2012) ("[T]he court should not turn the class certification proceedings into a dress rehearsal for the trial on the merits," *id*. at 811, and "may not decline to certify a class merely because" the class's claims might "fail on the merits." *Id.* at 823). At this stage, the question is simply whether the merits can be resolved on a class-wide basis. They can.

## II. COUNT II SHOULD BE CERTIFIED FOR CLASS-WIDE ADJUDICATION.

Whereas the claims in Count I are statutory claims for violation of the AWPA, the claim in Count II is for common-law breach of contract. With regard to Count II, Defendants have raised only three objections to class certification.

First, they seek to defeat certification under Rule 23(b)(3) by asserting that individual issues would predominate. But as evidence of this supposed existence of individualized issues they identify no actual individualized issues and hypothesize one and only one, an alleged variation "in the [individualized] oral contracts allegedly entered into between GLK and the Plaintiffs." Defendants' Response at 13 (ECF No. 46). This is simply incorrect. Plaintiffs do not seek to litigate the validity, or content, of *oral* contracts on a class-wide basis. Whether oral statements to class members supposedly were "highly individualized" is simply beside the point. Defendants' Response at 14 (ECF No. 46). Count II asserts the existence of a uniform *written* H-2B employment contract, embodied in Defendants' written Applications for Temporary Employment Certification (ETA Form 9142), and also required by W.A.S. § 103.915(1)(b), which requires a "written work agreement," and Wis. Admin Code § DWD 301.06(8), which requires every such written work agreement to contain a "minimum work guarantee" with defined beginning and end dates for employment. The contract claim in Count II is very simple.

It asserts that: (a) as a matter of law, Plaintiffs had, and were required to have, a written contract of employment; and (b) as a matter of law, that contract was, and had to be, a contract for a term, not at-will. This claim solely raises questions of law, not fact; and therefore, not surprisingly, Defendants have identified no element of the claim for which, and no class member for whom, individualized proofs will be necessary.

Second, Defendants also seek to block certification of this contract claim under Rule 23(b)(2), by arguing, in error, that "money damages unquestionably is the only relief sought." Defendants' Response at 11 (ECF No. 46). That is not accurate. Indeed, where, as here, there is a legal dispute about the rights and obligations created by a contract (i.e, was it at-will or for a term?), declaratory relief is *always* both available and *necessary*. For unless and until there is a judicial declaration of the parties' respective rights and obligations, questions of breach and injury cannot be determined. Under such circumstances, money damages is never the only relief sought because until the parties rights and obligations have been declared it is not possible to adjudicate their breach.

Third, Defendants argue that certification should not be possible under Rule 23(b)(2) because monetary relief must necessarily be "individualized." Defendants' Response at 11 (ECF No. 46). But that contention is also misguided. The existence of individualized damages does not prevent class certification. It merely counsels certifying a *liability-only* class under Rule 23(b)(2) or under Rule 23(c)(4), with separate subsequent hearings later to determine the damages of individual class members. In fact, the Seventh Circuit has recommended that this manner of "divided" or "hybrid" certification will often be the sensible way to proceed. *Butler v. Sears & Roebuck & Co.,* 727 F.3d 796 (7th Cir. 2013); *McReynolds v. Merrill Lynch, Pierce, Fenner &*

*Smith, Inc.*, 672 F.3d 482 (7th Cir. 2012); *Phillips v. Asset Acceptance, LLC,* 736 F.3d 1076 (7th Cir. 2013).

Defendants have identified no obstacle to class-wide adjudication of the contract claim in Count II.

## CONCLUSION

For all the reasons stated above and in Plaintiffs' opening brief and motion, Plaintiffs request the court grant their motion for certification of the following class for adjudication of Counts I and II:

> All those individuals who were recruited and hired by Defendants, who were issued H-2B temporary work visas in August and September 2011 to work for the Defendants, and who were then dismissed, after being issued a visa but before being provided the work promised them pursuant to Defendants' H-2B application and certification.

Plaintiffs submit that class certification would be appropriate pursuant to Rule 23(b)(2), *or* Rule 23(c)(4), *or* Rule 23(b)(3). Certification pursuant to Rule 23(b)(2) or (c)(4) would not require the delay or cost of class notice.

Dated: February 24, 2014          s/ Claudia Flores
                                                 One of Plaintiffs' Attorneys

| | |
|---|---|
| Matthew J. Piers | Weeun Wang |
| Joshua Karsh | Nicholas Marritz |
| José J. Behar | Attorney for Plaintiffs |
| Claudia Flores | Farmworker Justice |
| Jenna Miara | 1126 16th Street, N.W., Suite 270 |
| Christopher Wilmes | Washington, D.C. 20036 |
| Attorneys for Plaintiffs | (202) 293-5420 ext. 308 |
| Hughes Socol Piers Resnick & Dym, Ltd. | E-mail: wwang@farmworkerjustice.org |
| 70 W. Madison Street, Suite 4000 |         nmarritz@farmworkerjustice.org |
| Chicago, IL 60602 | |
| Telephone: (312) 580-0100 | |
| Fax: (312) 580-1994 | |
| E-mail: mpiers@hsplegal.com | |
|        jkarsh@hsplegal.com | |
|        jbehar@hsplegal.com | |

cflores@hsplegal.com
jmiara@hsplegal.com
cwilmes@hsplegal.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document will be served on counsel listed below by CM/ECF on February 24, 2014.

Michael Aldana, Esq.
Quarles & Brady LLP
411 East Wisconsin Avenue, Suite 2040
Milwaukee, WI 53202
Michael.Aldana@quarles.com

                                                      s/ Claudia Flores
                                                      One of Plaintiffs' Attorneys