IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| JOSE ENRIQUEZ RAMIREZ et al., | ) |
| Plaintiffs, | ) ) ) Civil Action No. 12-C-210 |
| v. | ) Judge Griesbach |
| GLK FOODS, LLC and RYAN A. DOWNS, | ) ) ) |
| Defendants. | ) |

**CLASS MEMBERS' REPLY IN SUPPORT OF THEIR MOTION
FOR PARTIAL SUMMARY JUDGMENT FOR VIOLATIONS OF THE AWPA AND
WMLA —ARISING FROM DEFENDANTS' FAILURES TO
PROVIDE WRITTEN DISCLOSURES AT THE TIME OF RECRUITMENT**

As explained in class members' opening brief on this motion ("Opening Brief," ECF No. 65), the undisputed facts in this case establish multiple violations by the Defendants of both the AWPA, resulting from Defendants' failure to provide workers with required written disclosures, in Spanish, at the time of recruitment, in violation of both 29 U.S.C. § 1821(a & g) and Wis. Stat. § 103.915(1)(a). Defendants have filed less than a page responding to this claim. That response is found at page 24 of ECF No. 125 (in Case No. 12-C-209, *Jimenez v. GLK Foods and Ryan A. Downs*).[1] This reply addresses Defendants' cursory response.

**ARGUMENT**

**I.  The undisputed facts and the law compel entry of judgment against Defendants for their failure to provide required recruitment disclosures.**

Defendants do not dispute that the law requires that every migrant agricultural worker must be provided detailed written recruitment disclosures in the workers' customary language

---

[1] Defendants' opposition brief in Case No. 12-C-220 (*Ramirez v. GLK Foods and Ryan A. Downs*)—ECF No. 74—contains no similar discussion. ECF No. 74.

1

(here, Spanish). Defendants also concede that they never provided, and class members never received, any such document. As their sole attempt to defend this statutory violation, Defendants argue, perfunctorily, that judgment nevertheless should not be entered against them because class members allegedly have failed to show "damage"; because the violation should be deemed merely "technical" and was not "intentional"; or because GLK did not "benefit" from [it]." Ds' Brief at 24 (ECF No. 125). Those arguments are meritless.

First, as we explained in the Opening Brief, a failure to provide disclosures required by the AWPA gives rise to statutory damages—for which no showing of actual injury or harm is required. 29 U.S.C. § 1854 (c)(1); *Alvarez v. Joan of Arc, Inc.,* 658 F.2d 1217, 1224 (7th Cir. 1981) (construing the AWPA's predecessor statute, the FLCRA); *Martinez v. Shinn*, 992 F.2d 997, 999 (9th Cir. 1993). *See also Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 953 (7th Cir. 2006) (noting that the difficulty or impossibility of showing actual injury "is why" many statutes provide for statutory damages). The plain language of the AWPA expressly permits either actual damages *or* statutory damages, 29 U.S.C. § 1854(c)(1), making it clear that actual damages are not a prerequisite to recovery of statutory damages. The Defendants' response is silent on this point.

Second, as the Opening Brief also explains, Defendants' failure to provide written disclosures was not a mere "technical" violation. Congress's avowed purpose in enacting the AWPA was to eliminate one of the primary risks otherwise faced by migrant workers: traveling long distances—and often relinquishing other jobs, leaving their homes and families, and incurring debt to make the trip—without guaranteed, written terms and conditions of employment. Opening Brief at 25-26. Defendants' attempt to mischaracterize their violation of this disclosure requirements as "technical" is deeply cynical: if the required documents had been

provided to class members in this case, those documents would have protected class members by specifying the contractually-agreed-upon period of employment. It is only Defendants' illegal failure to provide these documents that enables Defendants to construct an argument that employment was at will. The AWPA and the WMLA each require documentation to assure that a key term of employment—how long the job will last—is memorialized. That is not a mere technicality. Defendants should not be permitted to flout statutory documentation requirements and then make the disingenuous argument that because they evaded documentation requirements, class members' employment was unprotected and terminable at will.

Third, the Defendants contend that their violation was unintentional. They adduce no facts in support of that contention and, indeed, the record establishes the contrary. As the Opening Brief explains, Defendants' violations were far too regular to be characterized as "isolated" or as "mistakes." Opening Brief at 18-20. Indeed, Defendants have stipulated to their failure to provide required disclosures for a period spanning at least 2006, 2007, 2008, 2010 and 2011. PSUF ¶¶ 163-67. They have also admitted that the U.S. Department of Labor has investigated and fined them for recruitment disclosure violations before. PSUF ¶¶ 133-139. And they have provided false sworn interrogatory responses in this case denying any such previous fines or investigations. PSUF ¶ 162. Defendants' response is silent on these points. AWPA's intent standard is not demanding. Opening Brief at 18-20. And the undisputed facts here amply establish that Defendants' violations were intentional within the meaning of that term under the AWPA.

## CONCLUSION

For all the reasons stated above, Class Members request the Court grant their motion for partial summary judgment on claims that Defendants failed to provide proper disclosures and deny Defendants' motion on the same claim.

Dated: June 5, 2015

                                                 s/ Joshua Karsh
                                                 One of Plaintiffs' Attorneys

| | |
|---|---|
| Matthew J. Piers | Ali Beydoun |
| Joshua Karsh | Attorney for Plaintiffs |
| José J. Behar | Farmworker Justice |
| Attorneys for Plaintiffs | 1126 16th Street, N.W., Suite 270 |
| Hughes Socol Piers Resnick & Dym, Ltd. | Washington, D.C. 20036 |
| 70 W. Madison Street, Suite 4000 | (202) 293-5420 ext. 308 |
| Chicago, IL 60602 | E-mail: abeydoun@farmworkerjustice.org |
| Telephone: (312) 580-0100 | |
| Fax: (312) 580-1994 | |
| E-mail: mpiers@hsplegal.com | |
|         jkarsh@hsplegal.com | |
|         jbehar@hsplegal.com | |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document will be served on counsel listed below by CM/ECF on June 5, 2015.


Michael Aldana, Esq.
Quarles & Brady LLP
411 E. Wisconsin Ave., Suite 2040
Milwaukee, WI 53202
Michael.aldana@quarles.com


                                                s/ Joshua Karsh
                                                One of Plaintiffs' Attorneys